IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EARNEST JOHNSON, )
)
    Petitioner, )
)
v. ) Case No.: 3:05-cv-481 JPG
)
ALAN UCHTMAN, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the petitioner, Earnest Johnson, on July 8, 2005 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:[1]

## FINDINGS OF FACT

The state criminal proceedings underlying this habeas petition are lengthy and complicated. The procedural history of the case was summarized by the District Court in its order of September 26, 2006, (Doc. 21) denying the Respondent's Motion to Dismiss the Petition. The undersigned reproduces that summary here:

> Petitioner Earnest Johnson was convicted in Alexander (Illinois) County Circuit Court of first-degree murder and armed robbery in 1983. The appellate court overturned this conviction on December 10, 1985. People v. Johnson, 486 N.E.2d 433 (Ill. App. Ct. 5th Dist. 1985). After another jury trial, Johnson was again convicted on both counts. The trial court sentenced him to life in prison on the

---

[1] This Court further **RECOMMENDS** that Donald Hulick, the current Warden of Menard Correctional Center, be substituted for Alan Uchtman.

murder charge and gave him a 50-year extended term for the armed robbery conviction.

Johnson appealed his second conviction. The appellate court upheld his life sentence on the murder charge, but found that he improperly received the extended-term. People v. Johnson, 527 N.E.2d 1317, 1328 (Ill. App. Ct. 5th Dist. 1988) (finding that the 50-year extended term was improper because armed robbery was not his most serious offense). The Supreme Court of Illinois denied his petition for leave to appeal this decision on February 1, 1988, People v. Johnson, 535 N.E.2d 918 (Ill. 1989) (table opinion), and [the] Supreme Court of the United States denied Johnson's petition for certiorari on May 22, 1989, Johnson v. Illinois, 490 U.S. 1084 (1989) (memorandum decision).

Almost ten years later, Johnson began to fight his conviction and sentence anew. On March 16, 1998, he filed his "Petition for Post-Conviction Relief" pro se. (Doc. 9-32). In this pleading, Johnson claimed, among other things, that new evidence demonstrated his innocence. The trial judge summarily denied the petition as untimely. See People v. Johnson, 727 N.E.2d 1058 (Ill. Ct. App. 5th Dist. 2000). The appellate court reversed and remanded based on its finding that timeliness was an inappropriate ground for summary dismissal. Id. at 1061. The government appealed this decision, and the Illinois Supreme Court affirmed in a consolidated appeal. People v. Boclair, 789 N.E.2d 734, 740 (Ill. 2002) ("We hold that the [Post-Conviction Hearing Act, 725 ILCS 5/122-1(c)] does not authorize the dismissal of a post-conviction petition during the initial stage based on untimeliness.").

On January 8, 2001, Johnson filed a second petition for post-conviction relief, in which he attacked his conviction under Apprendi v. New Jersey, 530 U.S. 466 (2000). After receiving the mandate following Boclair, the trial court dismissed Johnson's first petition as untimely and his second after it concluded that Apprendi was inapplicable. People v. Johnson, No. 5-03-0488 (Ill. App. Ct.. 5th Dist. filed Oct. 13, 2004). It also entered an amended judgment and mittimus, which included a 30-year, non-extended sentence on his robbery conviction. Id. Johnson appealed the dismissals of his petitions and the imposition of the 30-year term on his robbery conviction. After consolidating his appeals, the appellate court affirmed. Id. The Supreme Court of Illinois denied his petition for leave to appeal on January 26, 2005. People v. Johnson, 829 N.E.2d 791 (Ill. 2005) (table decision).

(Doc. 21, pp. 1-3.)

Petitioner filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254 on

July 8, 2005 (Doc. 1), raising one ground for review: that his sentence of natural life on the

murder charge violates his right to trial by jury and due process of law under the Sixth and Fourteenth Amendments to the Constitution because the trial judge, not a jury, made the factual findings necessary to impose a sentence above the statute's 40-year maximum for murder in violation of the law set out in Apprendi v. New Jersey, 530 U.S. 466 (2000).

On October 25, 2005, Respondent filed a Motion to Dismiss the action (Doc. 9), arguing that the petition was untimely because it was not filed within the one year limitations period. The undersigned submitted a report and recommendation to the District Court recommending that the petition be dismissed as untimely because the judgment of the state court on the murder conviction became final on May 22, 1989 (Doc. 15). Thus, Petitioner would have to have filed his petition pursuant to section 2254 by April 24, 1997, one year after the effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Petitioner did not file the petition until 2005, the undersigned recommended that the petition was untimely and that it should be dismissed.

The District Court disagreed with this analysis and found that the sentence on the murder conviction was not final until April 25, 2005, and therefore that the petition was timely (Doc. 21). Thus, on September 26, 2006, after objections from the Petitioner, the District Court rejected the undersigned's recommendations and denied the Motion to Dismiss. Respondents were then ordered to answer the petition (Doc. 22).

In that answer, Respondent argues that the state court's determination that Apprendi did not apply retroactively in this case was not contrary to nor an unreasonable application of Supreme Court precedent (Doc. 25). In reply, Petitioner argues that Respondent's analysis of Apprendi is incorrect, that the rule of Apprendi applies to his case, and that Illinois courts "flaunted" federal law by failing to recognize the error (Doc. 27).

**CONCLUSIONS OF LAW**

An inmate in state custody may challenge his underlying state conviction in a petition for habeas corpus relief filed pursuant to 28 U.S.C. §2254. Any claim that has been adjudicated on the merits in a state court proceeding is governed by 28 U.S.C. §2254(d). Canaan v. McBride, 395 F.3d 376, 382 (7th Cir. 2005). This code section provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) describes two different methods by which a writ can be granted based on an error by the state court. A state court's decision is "contrary to" clearly established Supreme Court precedent when it reaches a legal conclusion that is opposite to a legal conclusion announced by the Supreme Court. Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Owens v. Frank, 394 F.3d 490, 496-497 (7th Cir. 2005). A state court's conclusion is an "unreasonable application" of Supreme Court precedent when the state court identifies the correct legal rule under federal law, but unreasonably applies it to the facts of the case, unreasonably extends a legal principle from existing precedent, or refuses to extend that principle to a new context where it should apply. Owens, 394 F.3d at 496-497 (quoting Williams, 529 U.S. at 405). As the Supreme Court has stated:

> We have made clear that the "unreasonable application" prong of §2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts" of petitioner's case. In other words, a federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." In order for a federal court to find a state court's application of our precedent "unreasonable," the state court's decision must have been more than incorrect or erroneous. The state court's application must have been "objectively unreasonable."

Wiggins v. Smith, 539 U.S. 510, 520-521 (2003) (citations omitted); see also Owens, 394 F.3d at 496-497. The writ may not issue merely because the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. Williams, 529 U.S. at 411; see also Owens, 394 F.3d at 497. The burden is on the Petitioner to show that he is entitled to relief. Harding v. Sternes, 380 F.3d 1034, 1043 (7th Cir. 2004).

In analyzing claims in petitions for habeas corpus, federal courts are 'bound by the state court's interpretations of state law." Lechner v. Frank, 341 F.3d 635, 642 (7th Cir. 2003). Furthermore, "federal habeas corpus does not reach errors of state law." Johnson v. Bett, 349 F.3d 1030, 1037 (7th Cir. 2003); See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law.") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

Upon review of Petitioner's motions for post conviction relief, the Illinois Appellate Court determined the following:

> The third issue raised by the defendant on appeal is whether the circuit court erred in dismissing the defendant's postconviction claim pertaining to his extended-term sentence of natural life imprisonment for first-degree murder. In his petition, the defendant contends that the sentence was unconstitutional under Apprendi because the trial court, and not a jury, made the finding that the murder had been brutal and heinous. The State contends that under De La Paz, Apprendi

- 5 -

is not entitled to retroactive application and that, therefore, the circuit court properly dismissed this claim. The defendant argues that the sentence was not final until after Apprendi was decided and that, therefore, Apprendi is not being applied retroactively. The facts pertaining to this issue follow.

In 1986, the defendant was convicted of first-degree murder and armed robbery and sentenced to an extended-term sentence of natural-life imprisonment on the murder conviction and an extended-term prison sentence of 50 years on the armed robbery conviction. On direct appeal, we affirmed the defendant's convictions for first-degree murder and armed robbery but reversed the extended-term sentence for armed robbery and remanded the cause "so that the trial court may impose a sentence not inconsistent with this ruling." People v. Johnson, 173 Ill. App. 3d 998, 1016 (1988).

On August 16, 1988, the trial court entered an amended judgment order and mittimus amending the defendant's armed robbery sentence to 30 years in prison. However, the filing of this order was premature because the defendant's petition for leave to appeal to the Illinois Supreme Court was not denied until February 1, 1989. People v. Johnson, 124 Ill. 2d 559, 535 N.E. 2d 918 (1989). Accordingly, this court's mandate did not issue on the decision until June 1, 1989. The State concedes that the trial court lacked jurisdiction to enter a modified judgment and mittimus until the appellate court mandate was filed and that, hence, the order is void. Wheatley v. International Harvester Co., 166 Ill. App. 3d 775, 777 (1988).

In 1998, the defendant filed his first postconviction petition, which challenged his extended-term natural-life prison sentence. Following the 2003 hearing, the circuit court decided against conducting a new sentencing hearing and simply entered a modified sentencing order that imposed a nonextended term of 30 years' imprisonment on the armed robbery conviction. The circuit court then dismissed the defendant's postconviction petition claim challenging his natural-life sentence under Apprendi, finding that under De La Paz, Apprendi does not apply retroactively.

On appeal, the defendant now contends that the circuit court erred in simply amending the sentence following the 2003 hearing and that the defendant was entitled to a new sentencing hearing, thereby requiring the court to resentence the defendant on the first-degree murder conviction. The defendant argues that because the resentencing would occur post-Apprendi, the court would be prohibited from sentencing the defendant to natural-life imprisonment on a finding that the murder had been brutal and heinous. The defendant contends that the circuit court's failure to grant the defendant a new sentencing hearing by simply entering an amended order was in error. We disagree.

When a reviewing court issues a mandate, it vests the trial court with jurisdiction to take only such action as conforms to that mandate. People v. Bosley, 233 Ill.

> App. 3d 132, 137 (1992). "If specific directions are not given by the reviewing court, the trial court must determine from the nature of the case what further proceedings are proper and consistent with the opinion." Bosley, 233 Ill. App. 3d at 137. Any order that is issued outside the scope of the mandate is void for a lack of jurisdiction and must be vacated. Bosley, 233 Ill. App. 3d at 137.
>
> In the instant case, our previous opinion only reversed the defendant's extended-term sentence on the armed robbery conviction. The trial court was only ordered to correct the defendant's sentence as it pertained to the armed robbery conviction. On direct appeal the defendant did not challenge his natural-life sentence, and this court did not instruct the trial court to amend, vacate, or reconsider the sentence he received for the murder conviction. Accordingly, any action that the circuit court would have taken as it pertained to the defendant's natural-life sentence would have been inconsistent with our previous mandate and would have been improper. Because the circuit court did not reconsider that sentence but simply followed the mandate, we find no error. As a result, the circuit court did not err in treating the defendant's postconviction claim under De La Paz. Wherefore, the circuit court properly dismissed the defendant's claim.

(Doc. 9, Exh. M, Appendix A).

On a petition for habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court does not undertake de novo review of a state court conviction and sentence. Instead, this Court's review is limited to the question whether the state court's holding is contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. It is now well-settled that Apprendi does not apply retroactively to cases that were final before Apprendi was issued. See Schriro v. Summerlin, 542 U.S. 348, 358 (2004) (holding that the procedural rule announced in Ring v. Arizona, 536 U.S. 584 (2002), in the Apprendi line of cases, does not apply retroactively to cases "already final on direct review");

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Curtis v. United States, 294 F.3d 841, 842 (7th Cir. 2002). The Illinois Supreme Court has also held that Apprendi does not apply retroactively "to criminal cases in which direct appeals were exhausted before Apprendi was decided." People v. De La Paz, 791 N.E.2d 489, 494 (Ill. 2003).

"A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied." Bintz v. Bertrand, 403 F.3d 859, 866 n. 4 (7th Cir. 2005) (quoting Spreitzer v. Peters, 114 F.3d 1435, 1442 (7th Cir. 1997)).

Here, the Illinois Appellate Court affirmed the trial court's dismissal of Petitioner's post-conviction Apprendi claim. The appellate court found specifically that Petitioner was not entitled to a new hearing on his sentence of natural-life on his murder conviction because its mandate regarding Petitioner's sentence applied only to the sentence for armed robbery. The appellate court so found by applying controlling Illinois law which does not vest jurisdiction in the trial court to act on remand unless the action conforms to the mandate. See People v. Bosley, 598 N.E.2d 355, 359 (Ill. App. Ct. 1992). Any action "outside of the scope of the mandate is void for lack of jurisdiction." Id. The appellate court ruled that had the trial court taken any action pertaining to the life sentence for murder, it would have been improper. The trial court did not act on the natural-life sentence, however, so the appellate court found no error in the trial court's denial of the Apprendi claim.

On habeas review, this Court is bound by the state court's interpretation of its own law. See Lechner v. Frank, 341 F.3d 635, 642 (7th Cir. 2003). The state court's finding that Petitioner was not entitled to a new sentencing hearing because its mandate did not apply to the

sentence of natural life on the murder conviction cannot be disturbed on habeas, nor can its corollary finding that Petitioner's sentence for murder was therefore final at the end of the period for direct review, that is, after the Supreme Court of the United States denied his petition for certiorari on the denial of his direct appeal on May 22, 1989.[2]

The appellate court's affirmance of the denial of postconviction relief based upon the non-retroactivity of <u>Apprendi</u>, is not contrary to or an unreasonable application of clearly established federal law. A state court's decision is "contrary to" clearly established Supreme Court precedent when it reaches a legal conclusion that is opposite to a legal conclusion announced by the Supreme Court. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000); <u>Owens v. Frank</u>, 394 F.3d 490, 496-497 (7th Cir. 2005). As noted, <u>supra</u>, it is well-settled that <u>Apprendi</u> does not apply retroactively to cases that became final before <u>Apprendi</u> was issued in 2000. Thus, the appellate court's determination cannot be said to be "opposite" to the Supreme Court's precedent that <u>Apprendi</u> is not retroactive to cases "already final on direct review." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 358 (2004).

The state appellate court also did not unreasonably apply federal law. A state court's conclusion is an "unreasonable application" of Supreme Court precedent when the state court identifies the correct legal rule as determined by the Supreme Court, but unreasonably applies it to the facts of the case, unreasonably extends a legal principle from existing precedent, or refuses to extend that principle to a new context where it should apply. <u>Owens</u>, 394 F.3d at 496-497

---

[2]The Court notes that at first blush, this finding appears to contradict the District Court's September 26, 2006, order finding that the petition was timely because direct appeal on the murder conviction was not final until April 25, 2005. The undersigned respectfully suggests that finding the petition timely and therefore subject to habeas review does not and should not predetermine the analysis mandated by the statute, that is, whether the state court's decision is contrary to or an unreasonable application of federal law. <u>See</u> 28 U.S.C. § 2254(d)(1).

(quoting Williams, 529 U.S. at 405). Furthermore, the state court's decision must be more than "incorrect or erroneous," but must also be unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citations omitted). Under Bintz v. Bertrand, 403 F.3d 859, 865 n. 4 (7th Cir. 2005), a state court's conviction and sentence become final after avenues for direct appeal have been exhausted. The state appellate court concluded that Petitioner's natural-life sentence for murder was final before Apprendi was issued, and under Illinois law, Apprendi did not apply to Petitioner's sentence. This is not an incorrect or erroneous conclusion, but an objectively reasonable application of the Supreme Court's Apprendi jurisprudence.

The Court notes that Petitioner tries to paint this outcome as a manifest constitutional affront. The undersigned disagrees with such a view. According to the Supreme Court,

> The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them. But it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart.

Schriro v. Summerlin, 542 U.S. 348, 358 (2004).

**PENDING MOTION**

Currently pending before the Court is Petitioner's Motion to Supplement his Petition with New Authority (Doc. 28). Petitioner asks that the Court consider a recent opinion issued by a Court of Appeals of the State of Washington that speaks to the issues addressed herein. This motion is **GRANTED**. The Court, however, has reviewed the opinion and finds it unpersuasive. The decision from the Court of Appeals in Washington is not binding on this federal court sitting on habeas review, nor does it bind the courts of the State of Illinois, who were free to apply their own law regarding the effect of their remand. As such, this new authority does not alter the

outcome of the Court's analysis.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Donald Hulick be substituted for the Respondent, Alan Uchtman, that the Petition for a Writ of Habeas Corpus filed by the Petitioner on July 8, 2005 (Doc. 1) be **DENIED**, that this matter be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 30, 2008**

                                                s/*Donald G. Wilkerson*
                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**